UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

8:15-cv-02369-EAK-MAP

DANIEL LAKE,

       Plaintiff,

vs.

GARDA CL SOUTHEAST, INC.

       Defendant.

_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff DANIEL LAKE ("Plaintiff") and Defendant GARDA CL SOUTHEAST, INC. (hereinafter "Defendant"), pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby stipulate to the dismissal of this action with prejudice, jointly move the Court for the entry of an Order of Dismissal With Prejudice, and respectfully show:

    1.    The Complaint in this case alleged that Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. *et seq.* ("FLSA") for failing to compensate Plaintiff at the required wage rate for all hours worked in excess of forty (40) in a given week.

    2.    Defendant raises as a complete defense that Plaintiff was compensated for all time worked at the appropriate wage rate and that he was exempt from overtime

1

pursuant to the Motor Carrier Act exemption. Defendant has already been awarded summary judgment on the application of the exemption to Plaintiff, a former armored driver/messenger who drove vehicles weighing in excess of 10,000 pounds. *Rojas v. Garda CL Southeast, Inc.*, Case No. 1:13-cv-23173-DPG.

3.  In Plaintiff's current lawsuit, he concedes the exemption but claims that the exemption does not apply in any workweek that he drove a vehicle weighing less than 10,000 pounds, of which he admits there were few. Further, Plaintiff acknowledges that the only *possible* recovery in this case would be ½ times his regularly hourly rate for 10 hours during only those admittedly few workweeks in which Plaintiff used a non-commercial vehicle for work-related reasons.[1] However, whether such *de minimis* activities destroy the exemption on a week-by-week basis is an undecided legal question in this jurisdiction that Garda has prevailed on before. *Jaramillo v. Garda, Inc.,* No. 12 C 662, 2012 WL 4955932, at *2 (N.D. Ill. Oct. 17, 2012); *see also Cedano v. Alexim Trading Corp.*, No. 11-20600-CIV, 2011 WL 5239592, at *2-3 (S.D. Fla. Nov. 1, 2011); *Hernandez v. Brink's, Inc.,* Case No. 08-20717-CIV-MOORE/SIMONTON, 2009 U.S. Dist. LEXIS 2726, at *7 (S.D. Fla. Jan. 15, 2009); *Collins v. Heritage Wine Cellars, Ltd.,* 589 F.3d 895 (7th Cir. 2009); *Jaramillo v. Garda, Inc.,* No. 12 C 662, 2012 WL 4955932, at *2 (N.D. Ill. Oct. 17, 2012); *Tidd v. Adecco USA, Inc.,* Civil Action No. 07-11214-GAO, 2008 WL 4286512 (D. Mass. Sept. 17, 2008)(holding that the MCA exemption applied to drivers of FedEx's mixed fleet of trucks, particularly because "bifurcation of

---

[1] Although not required to, Garda pays its exempt drivers/messengers overtime after 50 hours. Thus, Plaintiff would only be entitled to ½ time for hours over 40, but less than 50, in a workweek.

regulatory responsibilities [between the Secretary of Transportation and the Secretary of Labor] would make an individual *employee's* daily work the determining factor…rather than the specified characteristic of the *employer*." (Emphasis in original)).

4. Plaintiff and Defendant recently entered into a settlement agreement resolving Plaintiff's FLSA claim. The limited release in the agreement is solely limited to wage claims under the FLSA and similar state law, which is sufficiently narrow to withstand judicial scrutiny. *See Cotto v. Notter*, No.6:13-cv-772-Orl-40TBS, 2014 U.S. Dist. LEXIS 164047 (M.D. Fla. Nov. 24, 2014), *adopting* 2014 U.S. Dist. LEXIS 164043 (M.D. Fla. Nov. 4, 2014).

5. Plaintiff acknowledges that that the sum which he is receiving in settlement of this matter provides complete relief for his FLSA claim, including payment for attorneys' fees and costs that was separately negotiated without regard to the amount being paid to Plaintiff.

6. Accordingly, Plaintiff acknowledges, agrees and hereby stipulates that the settlement provides him with full relief and that his FLSA claims are being paid in full without compromise.

4. Because Plaintiff's claims are being paid in full, without compromise, there is no need for the Court to review the settlement. *Mackenzie v. Kindred Hospitals East*, LLC, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) ("There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation."). Additionally, there is no need to scrutinize the fees payable to Plaintiff's counsel where, as here, Plaintiff is to

receive full relief. *Brown v. Big Lots Stores, Inc.*, 2011 U.S. Dist. LEXIS 37959, *5-6 (M.D. Fla., Mar. 21, 2011) ("As there has been no compromise of Plaintiff's FLSA claim, there is no reason to believe the attorney's fee portion of the settlement affected Plaintiff's recovery and therefore, there is no reason to scrutinize the fee."). Therefore, the Court should approve the settlement of this matter and dismiss this lawsuit with prejudice.

WHEREFORE, Plaintiff Daniel Lake and Defendant Garda CL Southeast, Inc. stipulate to the dismissal of this action with prejudice and jointly move the Court for the entry of an Order APPROVING this stipulation and DISMISSING this action with prejudice.

Dated:  December 11, 2015

By: */s/Bernard R. Mazaheri*
Bernard R. Mazaheri, Esquire
Florida Bar No. 643971
MORGAN & MORGAN
20 N. Orange Ave., Ste. 1600
Orlando, Florida 32801
Telephone: (407) 420-1414
E-mail: CThomas@forthepeople.com

*Counsel for Plaintiff*
*Daniel Lake*

By: */s/ Jessica T. Travers*
Jessica T. Travers, Esquire
Florida Bar No. 0018129
LITTLER MENDELSON, P.C.
333 S.E. 2nd Avenue
Wells Fargo Center, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile (305) 603-2552
Email: jtravers@littler.com

*Counsel for Defendant*
*Garda CL Southeast, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11 December 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jessica T. Travers*
Jessica T. Travers

Firmwide:136829636.1 067762.1222 lake